F I L E D
**United States Court of Appeals
Tenth Circuit**

**JAN 2 2003**

**PATRICK FISHER
Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHAWN EUGENE CORNTASSEL,

Petitioner - Appellant,

v.

CHARLES RAY, Warden of Davis
Correctional Center; DREW
EDMONDSON, Attorney General for
the State of Oklahoma; JAMES
SAFFLE,

Respondents - Appellees.

No. 02-5038
D.C. No. 01-CV-122-H
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Shawn E. Corntassel applies pro se for a certificate of appealability[1] of the district court's denial of his petition for writ of habeas corpus filed under 28 U.S.C. § 2254. The district court denied the habeas petition as time-barred[2] and denied the certificate. Exercising jurisdiction conferred by 28 U.S.C. § 2253(c)(1), we agree the petition was untimely filed, deny the renewed request for a certificate of appealability[3], and dismiss the appeal.

Mr. Corntassel was convicted by an Oklahoma jury in October 1992 of two felony counts: (1) assault and battery with a dangerous weapon, and (2) second degree murder. He was sentenced to consecutive terms of imprisonment: ten years for the assault, and thirty-five years for the murder. The Oklahoma Court of Criminal Appeals affirmed his convictions on April 4, 1995. Mr. Corntassel then invoked state post-conviction review through three successive applications for post-conviction relief (all denied, two appealed, both appeals denied) and one petition for writ of habeas corpus (denied, appealed, appeal denied). Finally, he filed for federal habeas review on February 20, 2001.

Petitioners have one year in which to file a federal habeas petition from a

---

[1] *See* 28 U.S.C. § 2253(c)(1).

[2] It is clear from the record the district court could have declined issuance of a writ on the grounds of failure to exhaust state remedies, 28 U.S.C. § 2254(b)(1), and adjudication on the merits in state court, 28 U.S.C. § 2254(d).

[3] We grant Mr.Corntassel's motion to correct his application for a certificate of appealability and consider his corrective material.

state court judgment pursuant to 28 U.S.C. § 2244(d). The year commences with the date on which the state judgment becomes final, and is tolled while state court post-conviction proceedings are pending.[4] The district court calculated the deadline to petition for federal habeas relief to be August 5, 1997. While Mr. Corntassel does not contest this calculation, he argues § 2244(d) should still not bar his claim for three reasons we are able to construe from his pleadings[5]: (1) he should benefit from equitable tolling; (2) § 2244(d) violates the Suspension Clause of the U.S. Constitution; and (3) § 2244(d) does not apply to habeas petitions challenging the jurisdiction of the state court to render judgment on a criminal conviction.[6]

We issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has dismissed a § 2254 petition on procedural grounds, a certificate will issue when "jurists of reason would find it debatable

---

[4] Mr. Corntassel's state habeas corpus petition and his third application for post-conviction relief were both filed outside the one-year limitation period and thus do not toll as pending state collateral review actions under 28 U.S.C. § 2244(d)(2). *Fisher v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir. 2001), *cert. denied,* 122 S. Ct. 1789 (2002).

[5] We construe a pro se pleading liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

[6] Mr. Corntassel contends he was actually innocent of the offense of second degree murder of which he was convicted on a lesser-included offense instruction.

whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Equitable tolling is a doctrine providing safety-valve relief from rigid application of the one-year limitation rule of § 2244(d). It is only available in "rare and exceptional circumstances," *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000) (internal citation omitted), such as "when a prisoner is actually innocent [or] when an adversary's conduct–or other uncontrollable circumstances–prevents a prisoner from timely filing . . . ." *Id.* (internal citations omitted). "Moreover, a petitioner must diligently pursue his federal habeas claims . . . ." *Id.* Since Mr. Corntassel waited more than three and one-half years after the federal deadline to file his claim, we agree with the district judge's decision to deny him equitable tolling relief. He was not diligent. Furthermore, there is no evidence in the record to suggest he is actually innocent of the charges of which he stands convicted, or that other uncontrollable circumstances impeded him from timely filing his federal claim.

Mr. Corntassel next argues the one-year limitation in § 2244(d) violates the Suspension Clause, U.S. Const. art. I, § 9, cl. 2.[7] To succeed, Mr. Corntassel must demonstrate the one-year limitation of § 2244(d) renders the habeas remedy

---

[7] "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2.

"inadequate or ineffective to test the legality of [his] detention." *Miller v. Marr,* 141 F.3d 976, 977 (10th Cir.) (internal quotation marks and citation omitted), *cert. denied,* 525 U.S. 891 (1998). He has not met his burden since his own lack of diligence, not § 2244(d), foreclosed his ability to proceed with federal habeas action.

Finally, Mr. Corntassel argues § 2244(d) does not bar habeas review of a proceeding conducted without jurisdiction and, hence, in violation of his due process rights. We construe this argument as another request for equitable tolling, this time on the basis of actual innocence. Mr. Corntassel reasons his conviction for second degree murder is void since he was charged with first degree murder, but convicted of second degree murder on a lesser-included offense instruction. He argues a trial court loses subject matter jurisdiction when the judge gives an arguably erroneous instruction.[8] He offers no authority in support of this proposition; we find none, and so this basis of his claim fails. *See Phillips v. Calhoun,* 956 F.2d 949, 953-54 (10th Cir. 1992) (dismissing an argument unsupported by cogent authority).

We conclude no reasonable jurist would debate the district court was

---

[8] Mr. Corntassel raised the same argument in his third state application for post-conviction relief, filed after the federal habeas deadline. In affirming the denial of the application, the Oklahoma Court of Criminal Appeals found no error in the trial court instruction on second degree murder as a lesser-included offense of first degree murder.

correct in its procedural ruling, we decline to issue a certificate of appealability,

and **DISMISS** the appeal.

        **Entered by the Court:**

        **TERRENCE L. O'BRIEN**
        United States Circuit Judge